UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

STARBUCKS CORPORATION
a/k/a STARBUCKS COFFEE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Starbucks Corporation a/k/a Starbucks Coffee Company ("Defendant" or "Starbucks Corporation") doing business as Starbucks for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant Starbucks Corporation is a foreign corporation which is authorized to conduct, and is conducting, business within the jurisdiction of this court.

4. The Defendant maintains a physical presence within this district by virtue of the fact that many Starbucks coffeehouses which it operates are located within this district and are open to the public.

## PARTIES

5. Plaintiff Jesus Gonzalez is a resident of the state of Florida and suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6. Defendant Starbucks Corporation is a multinational chain of coffeehouses and roasteries which are open to the general public under the brand name "Starbucks."

## FACTS

7. Because each of Defendant's Starbucks coffeehouses serve food and drink and are open to the public, each is defined is a "place of Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) because each is "[A] restaurant, bar, or other establishment serving food or drink."

8. As the operator of a chain of coffeehouses open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104.

9. At all times material hereto, Defendant has been operating the Starbucks coffeehouse located at 7708 North Kendall Drive, Miami Florida 33156 which is the subject

2

of this action. This Starbucks location is referenced throughout as "N Kendall Drive Starbucks," "coffeehouse," or "place of public accommodation."

10. Due to the close proximity of Defendant's N Kendall Drive Starbucks coffeehouse to Plaintiff's physical therapy health service provider, on September 25, 2020 Plaintiff personally visited the N Kendall Drive Starbucks in order to purchase a snack and a latte coffee drink and dine inside at the tables located therein.

11. Plaintiff purchased his snack and latte, however he left without being able to dine in the facilities as he was unable to sit at the tables provided for the general public because the seating tables did not designate wide enough areas to accommodate his wheelchair. Feeling excluded, humiliated and dejected, Plaintiff left the dining area to eat his snack and late in his car.

12. Plaintiff has been denied access to indoor seating and as such was been denied full and equal access to, and full and equal enjoyment of Defendant's coffeehouse facilities.

13. As the owner and operator of a well-established chain of coffeehouses, Defendant is well aware of the necessity of its compliance with ADA requirements to provide equal access to individuals with disabilities.

14. Despite this knowledge, Defendant has failed and refused to follow the guidelines and requirements for the provision of equal access to individuals with disabilities in accordance with the ADA at its N Kendall Drive Starbucks location. Therefore, the failure of Defendant to reasonably accommodate Plaintiff and his wheelchair is willful, malicious, and oppressive and in compete disregard for the rights of the Plaintiff and in violation of 28 C.F.R. §36.302(c).

15. This discrimination resulted in Defendant denying Plaintiff full and equal access to, and full and equal enjoyment of, Defendant's N Kendall Drive Starbucks coffeehouse, which is the subject of this lawsuit.

16. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish, and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize the N Kendall Drive Starbucks coffeehouse location, but continues to be injured in that he continues to be discriminated against due to the barriers to access caused by the lack of handicapped seating in the configuration of the indoor dining facilities which is in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since almost 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in

        order to address the major areas of discrimination faced on a daily by people with disabilities.

      42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited Defendant's N Kendall Drive Starbucks coffeehouse with the intention of patronizing that coffeehouse, but because Plaintiff perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access to the N Kendall Drive Starbucks because the indoor seating was inaccessible to him. As such, Plaintiff has been denied adequate accommodation by virtue of being unable to eat at an accessible table and therefore has suffered an injury in fact.

23. Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its coffeehouse, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to remove access barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to, and the benefits of, all the accommodations and services offered at Defendant's coffeehouse.

25. Defendant is governed by the ADA and must be in compliance therewith. However Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with

Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The N Kendall Drive Starbucks coffeehouse operated by Defendant is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and Defendant is discriminating against the Plaintiff as a result of <u>inter alia</u>, specific violations in that the indoor dining area is inaccessible for disabled individuals who use wheelchairs in violation of 28 C.F.R. Part 36 Section 5.4 and 28 C.F.R. Part 36 Section 4.32.4 which require that all dining areas be accessible.

28. More access barrier violations may be present, which will be determined and proven through the discovery process.

29. Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendant is required to insure that its coffeehouses are accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

30. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the dining area provided therein such that they are readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Starbucks Corporation a/k/a Starbucks Coffee Company and requests the following relief:

    a)    The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter its N Kendall Drive Starbucks coffeehouse facilities such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated: October 26, 2020.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*